UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DUMONT, an individual, | No.  2:25-cv-01396-JAM-CKD |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT COUNTY OF SACRAMENTO'S MOTION TO DISMISS** |
| COUNTY OF SACRAMENTO, a public entity, et al., | |
| Defendants. | |

This matter is before the Court on Defendant County of Sacramento's Motion to Dismiss Plaintiff Joseph Dumont's Fifth, Sixth, Seventh, Eighth, and Tenth Causes of Action.  ECF No. 8-1, Defendant's Memorandum of Points and Authorities ("Mot."). Plaintiff filed an opposition to Defendant's motion (ECF No. 10 "Opp'n")), and Defendant filed a reply (ECF No. 11 ("Reply")). For the reasons detailed below, Defendant's motion is granted.[1]

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff's claims stem from law enforcement deploying a K-9 during the execution of an arrest warrant for Plaintiff.  See Compl., ECF No. 1, ¶¶ 24-25.  Plaintiff alleges in June 2024, "Sacramento County Sheriff's deputies and[/]or City of Rancho Cordova police officers" came to his home "to effectuate an

---

[1] This motion was determined to be suitable for decision without oral argument.  See ECF No. 12; E.D. Cal. L.R. 230(g).

1

arrest warrant based on two missed court appearances related to non-violent misdemeanor charges . . . ." Id. ¶ 24.  Despite coming outside his home "voluntarily and peacefully," without fleeing, resisting, or presenting a threat, law enforcement released a German Shepherd that attacked and latched onto Plaintiff "without warning or provocation."  Id. ¶ 25.  Plaintiff alleges the deputies or officers, identified as Deputy John Doe 1, Deputy John Doe 2, and Does 3-10, "failed to intervene or control the K-9, instead laughing and refusing to call off the dog, despite [Plaintiff's] visible compliance and distress."  Id. Plaintiff was transported to UC Davis Medical Center for his "deep tissue wounds," resulting in "multiple doctor's visits[,] wound care treatment," and continued "neuropathic pain, mobility limitations, and psychological trauma."  Id. ¶ 26.

Plaintiff's complaint alleges seven causes of action under 42 U.S.C. § 1983 and five state law claims.  See Compl.  Counts One through Four and Twelve are against Deputy Does 1 and 2, as well as Does 3-10, for unreasonable search and seizure, excessive force, denial of medical care, failure to intervene, and intentional infliction of emotional distress.  Id.  These counts, and Counts Nine (Battery) and Eleven (Violation of Bane Act), are not subject to Defendant's pending motion.  See Mot.  Counts Five, Six, and Seven are claims under several theories of Monell liability, pursuant to 42 U.S.C. § 1983, against Defendant, as well as named defendants City of Rancho Cordova and Does 3-10. See Compl.; Mot. at 3 (citing Monell v. Dep't of Social Servs., 436 U.S. 658 (1978)).  Counts Eight and Ten are state law claims asserted against all defendants for "False Arrest/False

Imprisonment" and Negligence.

## II.    OPINION

### A.    Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The motion may be granted only if "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  The court assumes all factual allegations are true and "construe[s] them in the light most favorable to the nonmoving party." Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995) (citing Everest & Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226 (9th Cir. 1994)). That said, if the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  However, this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible.  Iqbal, 556 U.S. at 678.  In the same vein, conclusory or "formulaic recitations of elements" do not alone suffice. Id. (citations and internal quotations removed).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

3

that the defendant is liable for the misconduct alleged." Id.

B.   Analysis

The Court first addresses Defendant's motion as to Plaintiff's Monell claims, then turns to the claims Plaintiff agrees to voluntarily dismiss and Plaintiff's state law negligence claim. The Court also addresses the issue of whether Defendant's motion should be granted with leave to amend.

1.   Counts Five and Six – Monell Claims

Municipalities may be subject to liability under 42 U.S.C. § 1983 when "action pursuant to an official municipal policy of some nature caused a constitutional tort," Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978), meaning a "policy, practice, or custom of the entity, or . . . an order by a policy-making officer," causes a constitutional deprivation. Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139 (2012) (quoting Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) and citing Gibson v. County of Washoe, 290 F.3d 1175, 1186 (9th Cir. 2002)) (internal quotations and citations removed). However, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell, 436 U.S. at 691.

Monell liability may be established under section 1983 in one of three ways:

> First, the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.' Second, the plaintiff may establish that the individual who committed the constitutional tort was an official with 'final policy-making authority' and that the challenged action itself thus constituted an act of official governmental policy. Whether a particular official

4

> has final policy-making authority is a question of state law.  Third, the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it.

Gillette v. Delmore, 979 F.2d 1342, 1346-47 (1992) (quoting Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989) and Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986)) (other internal citations omitted).  Plaintiff must also demonstrate causation – that "one of the[se] three circumstances . . . was (1) the cause in fact and (2) the proximate cause of the constitutional deprivation."  Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

The Supreme Court has made clear that "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell," without additional proof "it was caused by an existing, unconstitutional municipal policy, [] attribute[able] to a municipal policymaker."  City of Oklahoma v. Tuttle, 471 U.S. 808, 823-24 (1985).  And, "where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation."  Id.; see also Trevino, 99 F.3d at 918 ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").

Defendant moves to dismiss Count Five, arguing Plaintiff

relies on a single incident, without more, to establish a Monell claim, fails to identify an unconstitutional policy, custom, or practice that caused Plaintiff harm, and that Plaintiff's complaint contains only vague, conclusory, and speculative allegations about general policies, which are wholly insufficient to state a Monell claim.  See Mot. at 4-7. Plaintiff argues his pleading is adequate, especially since it was made "without the benefit of any discovery being propounded," because it puts Defendant "on notice of the claims against it."  Opp'n at 6-11.

Plaintiff analogizes the instant action to a number of cases, arguing they support a finding Plaintiff's complaint passes 12(b)(6) muster.  Opp'n at 6-11.  Although only one of the cases deals with a Rule 12(b)(6) motion, it is clear that the allegations or evidence in each of those cases includes specific facts about unlawful policies, practices, or customs unique to the municipality or circumstances of the case, unlike Plaintiff's complaint here; and, in at least one of those cases, a court still found that those allegations, which were more robust and detailed than Plaintiff's here, could not survive a motion to dismiss.  For example, in Mitchell v. County of Contra Costa, the amended complaint "add[ed] allegations about 15 lawsuits against Contra Costa, its employees, or cities in which it provides police services dating from 2004 to 2021[,] . . . [n]early all involv[ing] allegations of excessive force and [] 'manufactured charges' or false or misleading police reports." 600 F.Supp.3d 1018, 1029-30 (N.D. Cal. Apr. 26, 2022).  The Mitchell court emphasized that "[s]everal of th[os]e incidents

involve[d] allegations similar to those made by [the plaintiff], such as the use of excessive force against complaint citizens . . . ." Id. The court found this added information was sufficient to deny a motion to dismiss under a theory of liability based on a policy, custom, or practice, but was not enough to support the plaintiff's claims under failure to train or ratification theories, because "the amended complaint remain[ed] conclusory and unsupported by any facts," lacking specifics about training, knowledge, or approval of the acting officers' actions. Id. at 1029-33.

The Court agrees with Defendant: "The Fifth Cause of Action for Monell liability based on policy, practice or custom fails to state a claim because it 1) lacks sufficient factual allegations about the challenged policy or custom, 2) does not explain how the policy or custom is deficient, 3) does not explain how the policy or custom caused the plaintiff harm, and 4) does not indicate how the policy or custom amounted to deliberate indifference, i.e., show how the deficiency involved was obvious and the constitutional injury likely to occur." Mot. at 7; see Young v. City of Visalia, 687 F.Supp.2d 1155, 1163 (E.D. Cal. Jan. 15, 2010) (citing Young v. City of Visalia, 687 F.Supp.2d 1141, 1148-50 (E.D. Cal. Aug. 18, 2009); see also Jackson v. County of San Diego, 2009 WL 3211402, *3 (S.D. Cal. Sept. 29, 2009); cf. Lee v. City of Los Angeles, 250 F.3d 668, 682 (9th Cir.2001)). This claim primarily includes only boilerplate allegations which, arguably, could be substituted into any Monell case attempting to assert an unlawful policy, practice, or custom theory of liability. See, e.g., Compl. ¶¶

7

77 i. and ii., 78 (alleging Defendant "maintained, inter alia, the following unconstitutional customs, practices, and policies: [u]sing excessive and objectively unreasonable force . . . ; [p]roviding inadequate training regarding the use of force . . . ; [and having] deficient policies and fail[ing] to train its Deputies/Officers with respect to unreasonable seizures of persons . . . ."); Iqbal, 556 U.S. at 678.  Accordingly, Defendant's motion to dismiss Plaintiff's Fifth Cause of Action is granted.

Plaintiff's Sixth Cause of Action is deficient for the same reasons – it includes boilerplate language, without any factual allegations specific to Defendant regarding "(1) an inadequate training program, (2) deliberate indifference on the part of the County in adequately training its law enforcement officers, and (3) whether the inadequate training 'actually caused' a deprivation of [the plaintiff]'s constitutional rights."  Meritt v. County of Los Angeles, 875 F.2d 765, 770 (9th Cir. 1989). Although Plaintiff argues, "[t]he very fact that the incident occurred [and that the officers are still employed with the County shows] that the training program was inadequate or insufficient," this is inconsistent with Supreme Court precedent requiring additional information or allegations to sustain a Monell claim.  See Tuttle, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell," without additional proof "it was caused by an existing, unconstitutional municipal policy, [] attribute[able] to a municipal policymaker."); Trevino, 99 F.3d at 918 ("Liability for improper custom may not

8

be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); accord Meritt, 875 F.2d at 770 ("Mere proof of a single incident of errant behavior is a clearly insufficient basis for imposing liability on the County."); see also Mot. at 7-8, Reply at 3-4, and Iqbal, 556 U.S. at 678. Accordingly, Defendant's motion is granted as to Count Six.

### 2.    Counts Seven and Eight

Defendant moves to dismiss Plaintiff's Seventh Cause of Action, arguing Plaintiff failed to plead facts supporting the necessary elements of a ratification Monell claim.  Mot. at 9-10.  As to Plaintiff's Eighth Cause of Action, Defendant argues Plaintiff's complaint fails to allege sufficient facts to sustain a false imprisonment claim, especially since the complaint acknowledges officers arrested Plaintiff based on an active arrest warrant.  Id. at 10.  Plaintiff does not oppose Defendant's motion as to these two counts and voluntarily dismisses them.  Opp'n at 15.  Given Defendant's meritorious arguments that these claims are not adequately pled, and Plaintiff's concession, Defendant's motion is granted, without leave to amend, as to Counts Seven and Eight.

### 3.    Count Ten – Negligence

Defendant moves to dismiss Plaintiff's Tenth Cause of Action to the extent it is based on direct tort liability for negligence, including as alleged in paragraph 140.i., vii., and viii of the complaint.  See Mot. at 10-11.  Plaintiff responds by citing California Government Code section 815, *et seq.*, which

Plaintiff avers supports a theory of vicarious liability.  Opp'n at 15-17 ("Plaintiff alleges that . . . Defendant[ is] vicariously liable for the nonfeasance and malfeasance of the individual Defendants . . . .").  Defendant is correct, that in California, "no statute imposes direct liability on public entities," and "vicarious liability [] is limited to cases involving gross negligence or bad faith [])."  Eastburn v. Regional Fire Protection Authority, 31 Cal.4th 1175, 1178 (2003) (citing Cal. Gov't Code §§ 815, 815.2, 815.6, and 820) (other internal citations omitted).  In Eastburn, the California Supreme Court clarified that Government Code section 820 (the section Plaintiff includes in the heading of Count Ten) "provides only that public employees are liable for injuries from their acts or omissions in the scope of their employment to the same extent as private persons, unless otherwise provided by statute…. [N]o similar provision makes public agencies liable for their own negligent conduct or omission to the same extent as a private person or entity."  31 Cal.4th at 1179-80.  Accordingly, Defendant's Motion to Dismiss is granted as to any theories or claims of direct liability for negligence in Count Ten.

### 4.    Leave to Amend

In granting a motion to dismiss, the Court must also decide whether to grant leave to amend.  See Fed. R. Civ. P. 15.  Leave to amend should be given freely where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ."  Foman v.

10

Davis, 371 U.S. 178, 182 (1962); Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Dismissal without leave to amend is proper only if "'the complaint could not be saved by any amendment.'" Intri-Plex Techs., Inc. v. Crest Grp., Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (quoting In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005)). As to Counts Five and Six, Plaintiff's request for leave to amend is granted, as it appears to be unopposed. See Opp'n and Reply. As noted above, leave to amend Counts Seven and Eight is denied by virtue of futility of amendment. Plaintiff may proceed on Count Ten but not as to any theory of direct liability.

III.   ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss. If Plaintiff elects to attempt to amend Counts Five and Six, he shall file his amended complaint within twenty days of the date of this Order. Defendant County of Sacramento shall file its response to the amended complaint within twenty days thereafter.

IT IS SO ORDERED.

Dated: February 13, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE

11